IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SETH MONROE                                                                                     PETITIONER

V.                      CASE NO. 4:18-CV-00873-BSM-JTK

JOHN CASEY                                                                                       RESPONDENT

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### INSTRUCTIONS

The following recommended disposition has been sent to United States Chief District Court Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States

District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A 149
> Little Rock, AR 72201-3325

## DISPOSITION

Petitioner is currently detained at the Arkansas State Hospital pursuant to a civil commitment, under Act 911, in Pulaski County Circuit Court. *See Monroe v. Arkansas State Hospital et al.*, Case No. 4:17-cv-00171-JTK (DE # 9, Ex. B). On November 23, 2018, he initiated this 28 U.S.C. § 2254 habeas action (DE # 2) along with a Motion for Leave to Proceed In Forma Pauperis (DE # 1). For the reasons set forth below, it is

recommended that Petitioner's petition be denied without prejudice and his Motion for Leave to Proceed In Forma Pauperis (DE # 1) be denied as moot.

Petitioner has previously challenged his confinement pursuant to 28 U.S.C. § 2241. *See* Case No. 4:17-cv-00171-JTK (DE # 1).  In the previous petition, he alleged he was being held in the Arkansas State Hospital but was not mentally ill, and he requested this Court to "release me from Act 911" and the hospital. *Id.* On May 19, 2017, the Respondent filed a Motion to Dismiss stating that Petitioner was in the custody of the Department of Human Services and that, the case should be dismissed for his failure to exhaust state remedies, as well as lack of jurisdiction, and failure to state a claim. *Id.* at DE # 9.  This Court entered an order granting the Respondent's Motion to Dismiss, and by judgment on June 20, 2017, the action was dismissed without prejudice for failure to exhaust state remedies. *Id.* at DE # 14 and 15.

As a matter of comity, the state courts should have the first opportunity to review federal constitutional issues and to correct federal constitutional errors made by the state's trial courts. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999).  A federal habeas petitioner is thus required to exhaust all available avenues of relief in the state courts before the federal courts will consider a claim. 28 U.S.C. § 2254(b) & (c).  State remedies are not fully exhausted if a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." *Id.* at § 2254(c). This requires state prisoners to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.  In order to exhaust properly, a federal habeas petitioner must

3

"fairly present" all of his claims to the state court.  *See Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996).

Furthermore, a federal court is prevented from granting habeas relief "based on a constitutional violation that could be redressed adequately by pursuing an avenue of state relief 'still open to the habeas applicant at the time he files his application in federal court'." *Humphrey v. Cady*, 405 U.S. 504, 516 (1972) (citing *Fay v. Noia*, 372 U.S. 391, 435 (1963)).  Arkansas Code Annotated section 5-2-315(f)(1) provides:

> any time during the commitment of the person acquitted, a person acquitted, his or her counsel, or his or her legal guardian may file with the circuit court that ordered the commitment a motion for a hearing to determine whether the person acquitted should be discharged from the facility in which the person acquitted is committed.

In the petition, Petitioner does not allege that he has exhausted his state remedies, nor does he demonstrate that he has sought any state-court relief whatsoever since his previously dismissed habeas petition.  In the context of appeals, the Petitioner states that he sent "papers" to the Arkansas Court of Appeals, but they were sent back as not being filed correctly, and also states that he wrote to the Arkansas Supreme Court but "they did not write back."  (DE # 2, pgs. 2-3)  Furthermore, the documents attached to the petition also fail to show the Petitioner has sought relief in state court.  The Petitioner has available to him a state court remedy; therefore, Petitioner cannot be said to have "fairly presented" his claims to the state court, and this petition, same as his previous habeas petition, should be dismissed for failure to exhaust.

Accordingly, for the reasons set forth above, it is recommended that Petitioner's petition for writ of habeas corpus be denied without prejudice for failure to exhaust state remedies and his Motion for Leave to Proceed In Forma Pauperis (DE # 1) be denied as moot.

SO ORDERED THIS 18th day of December, 2018.

_____
UNITED STATES MAGISTRATE JUDGE